UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:16-CV-033 RM |
| NURSE WEST, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 19.) The court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, doesn't state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). A complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Scruggs is an inmate at the Westville Control Unit, the segregation unit of a maximum security correctional facility. He alleges that on October 25, 2015, Nurse West assaulted him by closing his hand in the cuff port. While handing out medications, Nurse West and Mr. Scruggs got into an argument and, after awhile, Mr. Scruggs said, "come on with my meds, lady." (DE 19 at 3.) Nurse West intentionally closed the cuff port with Mr. Scruggs's hand caught inside. She continued to place pressure on the cuff port so that Mr. Scruggs could not remove his hand for nearly a minute. Mr. Scruggs yelled out in pain loudly to attract attention and she then released the door. Mr. Scruggs claims his hand was bleeding, swollen for a week and that he suffered a broken or dislocated knuckle. Mr. Scruggs alleges that Nurse West's actions constitute excessive force. Mr. Scruggs further alleges that C.O. Miller was present during this time and, acting in concert with Nurse West, allowed the excessive force to take place and continue.

Under the Eighth Amendment, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. An inmate can't refuse to comply with a direct order from a correctional officer, and if he does, the officer is justified in using some level of force to obtain his compliance. Lewis v.

2

Downey, 581 F.3d 467, 473 (7th Cir. 2009); Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984).

Giving Mr. Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that Nurse West used force maliciously and sadistically to cause him harm. Although further factual development might show that Nurse West's actions were reasonable under the circumstances, Mr. Scruggs has alleged enough to proceed on this claim.

Mr. Scruggs sues C.O. Miller for not intervening in Nurse West's use of excessive force. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir.2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which our court of appeals has long recognized. Fillmore v. Page, 358 F.3d 496 506 (7th Cir. 2004); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

Giving Mr. Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that C.O. Miller knew Nurse West was engaging in excessive force, had an opportunity to prevent her from using more force than was necessary under the circumstances, and nevertheless failed to intervene. The amended complaint can be read to allege that because they were acting in concert, C.O. Miller allowed Nurse West to use excessive force on Mr. Scruggs. As with Nurse West, further factual development might

show that C.O. Miller acted reasonably under the circumstances, but Mr. Scruggs has alleged enough to proceed on this claim.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Nurse West in her individual capacity for monetary damages for using excessive force against him on October 25, 2015;

(2) GRANTS the plaintiff leave to proceed against C.O. Miller in his individual capacity for monetary damages for failing to intervene in Nurse West's use of excessive force on October 25, 2015;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nurse West and C.O. Miller with a copy of this order and the amended complaint as required by 28 U.S.C. § 1915(d); and

(5) ORDERS that Nurse West and C.O. Miller respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October  14 , 2016.          /s/ Robert L. Miller, Jr.
                                      Judge
                                      United States District Court