UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER L. SCRUGGS, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:16-CV-033 RLM |
| v. | ) |
| NURSE WEST, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Christopher L. Scruggs, a prisoner representing himself[1], has filed his third motion for preliminary injunction in this case. His previous requests for preliminary injunctions were denied. In this motion, Mr. Scruggs seeks two forms of preliminary injunctive relief. First, he asks this court to order Westville Correctional Facility staff to process his prison grievances. Second, he requests an order requiring the Wabash Valley Correctional Facility to employ a full time law librarian and have that librarian promptly file with the court all of his submitted filings.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy

---

[1] Mr. Scruggs was previously housed at the Westville Correctional Facility, but is now incarcerated at the Wabash Valley Correctional Facility.

at law, and will suffer irreparable harm if immediate relief is not granted. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008). Under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." Westefer v. Neal, 682 F.3d 679, 681 (7th Cir. 2012).

I. REQUEST TO ORDER WESTVILLE STAFF TO PROCESS HIS GRIEVANCES

Mr. Scruggs complains that he was prevented from exhausting the grievance process at Westville with respect to an alleged May 15, 2017, attack. He asks the court to order prison officials to process his grievances related to that attack. As a threshold matter, he has no right to the grievance process. The Prison Litigation Reform Act does not require a state to create a grievance procedure for its prison inmates, so being denied access to a prison grievance procedure cannot form the basis for a constitutional claim. Kervin v. Barnes, 787 F.3d 833, 835 (7th Cir. 2015).

Mr. Scruggs has no chance of success on the merits of this motion for a preliminary injunction because compelling non-parties to process his grievances is beyond the scope of his claims in this lawsuit. This lawsuit is about Mr. Scruggs suing Nurse West for using excessive force against him in October 2015 and also suing Correctional Officer Miller for failing to intervene. Even if Mr. Scruggs were to succeed in this lawsuit, he wouldn't receive any relief related to his complaints

2

that his recent grievances haven't been processed. Because this motion seeks relief outside the scope of the complaint, Mr. Scruggs can't obtain relief here. See Williams v. Evelsizer, No. 12-CV-1082, 2013 WL 3337956, * 1 (July 2, 2013 S.D. Ill.) (holding that a plaintiff is not likely to succeed on the merits when he seeks injunctive relief outside the scope of his complaint).

Moreover, Mr. Scruggs hasn't shown that he will suffer any irreparable harm. Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Courts deciding whether an administrative remedy was effectively unavailable ask whether the inmate did "all that was reasonable to exhaust" under the circumstances. Id. at 812. If Mr. Scruggs is truly prevented from exhausting his administrative remedies, he will simply be excused from that requirement.

## II. REQUEST THAT WABASH VALLEY BE ORDERED TO HIRE A FULL TIME LAW LIBRARIAN AND FILE HIS DOCUMENTS WITHIN ONE DAY

Mr. Scruggs was transferred to Wabash Valley on June 2, 2017. He complains that on June 6, 2017, he submitted a number of documents for filing that hadn't been filed with the court as of June 11, 2017. When he asked his counselor about this problem, she told him "to give it some time." Mr. Scruggs didn't heed that advice; he filed this motion asking that the court order the Wabash Valley facility to employ a full time law librarian and require that librarian to electronically file all of his submitted documents within one day of their being submitted. This claim, too, is outside the scope of Mr. Scruggs's complaint. The only relationship that this lawsuit has to the allegations that prison officials have delayed filing his submitted documents is that Mr. Scruggs fears he will have difficulty litigating this case in the future. He has given the court no reason to think that: the documents Mr. Scruggs complained about not being filed, have been filed. ECF 70-78. Apparently, his counselor was right; Mr. Scruggs just had to give it some time.

"[T]he problems of prisons in America are complex and intractable," and "courts are particularly ill equipped to deal with these problems[.]" Shaw v. Murphy, 532 U.S. 223, 229 (2001) (internal quote marks and citation omitted). Courts must afford prison officials "wide-ranging deference" in the day-to-day operations of a correctional facility. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Courts must defer to correctional professionals in the adoption and execution of policies for the operation of a penal institution. Whitley v. Albers, 475 U.S. 312, 321-22 (1986); Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981); Bell v.

WOlfish, 411 U.S. at 547. Mr. Scruggs isn't entitled to a court order simply because he would prefer to have the prison hire a full time law librarian and be able to file documents within one day. These inconveniences are simply a result of his being incarcerated, and don't prejudice him. If Mr. Scruggs needs additional time to meet any future deadline in this case due to a delay in filing, he should simply ask for an extension of time when he needs one.

As a final matter, Mr. Scruggs must stop filing frivolous motions for preliminary injunction whenever he feels inconvenienced or wronged. As explained before, that isn't the purpose of preliminary injunctive relief. Mr. Scruggs has been abusive in his practice of filing frivolous motions requesting preliminary injunctive relief. He has filed nineteen such motions since 2016.[2] A motion for preliminary injunction takes immediate priority over other filings. And Mr. Scruggs's unnecessary overuse of injunction motions has slowed the progress of each of his cases - and many other cases on the docket - to the point that they have come to a grinding halt.

Mr. Scruggs also must stop putting more than one case number on each of his filings. He put seven case numbers on this motion and placed four case numbers on his previous motion for preliminary injunction. This causes his filings

---

[2] ECF 6, 61 and 72 in Scruggs v. West, Case No. 3:16-cv-33 (N.D. Ind. filed January 21, 2016, Judge Robert L. Miller); ECF 4, 8, 11, 22, 77 and 86 in Scruggs v. SinClair, Case No. 3:16-cv-39 (N.D. Ind. filed January 21, 2016, Judge Jon DeGuilio); ECF 3, 4, 157, 163 and 182 in Scruggs v. Miller, Case No. 3:16-cv-50 (N.D. Ind. filed Feb. 1, 2016, Judge Jon DeGuilio); ECF 18, 25 in Scruggs v. Shihadeh, Case No. 3:16-cv-722 (N.D. Ind. filed October 18, 2016, Judge Philip P. Simon); ECF 6 in Scruggs v. Penning, Case No. 3:17-cv-422 (N.D. Ind. filed May 31, 2017, Judge Robert L. Miller); ECF 6 in Scruggs v. Miller, Case No. 3:17-cv-423 (N.D. Ind. filed May 31, 2017, Judge Jon DeGuilio).

to be reviewed in many unrelated and unnecessary cases, resulting in a large waste of time and judicial resources. Each of his filings should include only one case number in the future.

For these reasons, the court DENIES the motion for a preliminary injunction. If Mr. Scruggs does not stop filing meritless motions for preliminary injunction and/or does not stop placing multiple case numbers on his filings, he may be fined, sanctioned, or restricted from filing.

SO ORDERED.

ENTERED: June 21, 2017.
/s/ Robert L. Miller, Jr.
Judge
United States District Court