UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:16-CV-033 RLM |
| v. | ) | |
| | ) | |
| NURSE WEST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Christopher L. Scruggs, a *pro se* prisoner, has filed a motion (ECF 131) arguing that two statements in Magistrate Judge Gotsch's October 27 order were clearly erroneous. Mr. Scruggs asks this court to reconsider and set that order aside pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) of the Federal Rules of Civil Procedure grants magistrate judges great latitude in resolving non-dispositive matters, such as that at issue here. Rule 72(a) provides that, "the district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); see also 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 926, 943 (7th Cir. 1997). This is not such a case.

On April 13, 2017, Mr. Scruggs filed and served a request for production that sought, "[v]ideo at any and all times after 8:00 PM until 1:30 AM on the night of 10-25-15 into 10-26-15 . . . ." ECF 49. Mr. Scruggs then filed a number of motions complaining that the October 24, 2015, incident between himself and the defendants was not in the video produced. On October 27, Magistrate Judge Gotsch issued an order denying those motions. ECF 129.

Among other things, Magistrate Judge Gotsch found that Mr. Scruggs hadn't requested the video in his request for production. Mr. Scruggs points out that he requested the video on September 1, 2017. ECF 112; ECF 131 at 1. Magistrate Judge Gotsch was correct in noting that Mr. Scruggs didn't ask for that video in the April 13 request for production. Mr. Scruggs also complains that Magistrate Judge Gotsch said it was unnecessary to file motions requesting a ruling on already pending motions. Again, Magistrate Judge Gotsch was right. There's no need for Mr. Scruggs - or anyone else - to file such documents. Doing so only clutters the docket and further slows down the litigation process.

Not only were Magistrate Judge Gotsch's statements accurate, but this court finds nothing the October order that is "is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). Regardless, this motion now appears to be moot. The overarching dispute about the video production of the 2015, incident has been resolved. That video has been produced, ECF 110, 117, Mr. Scruggs has been

given the chance to view it, ECF 156-1; ECF 156-2, and he is being given a second opportunity to view it in the future. ECF 156 at 2.

For these reasons, the court DENIES the motion (ECF 131).

SO ORDERED.

ENTERED: December 27, 2017.    /s/ Robert L. Miller, Jr.
                               Judge
                               United States District Court