UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

v.                             CAUSE NO.: 3:16-CV-33-RLM

NURSE WEST,

    Defendant.

<u>TRIAL EXPLANATION FOR PRO SE PLAINTIFF</u>

The plaintiff in this case is representing himself. The court sets forth this explanation of trial procedures so that less time will be needed for such explanations at trial. This explanation is written for the plaintiff, so "you" means the plaintiff.

Trials are complicated. This explanation is meant to make the trial more understandable, but the judge can't make it less complicated. This explanation is not meant to teach you how to make a record for an appeal. It is meant to help you understand the trial procedures.

This is the order in which things will happen if the trial goes all the way from start to finish:

    1.    Jury selection
    2.    Preliminary instructions (in which the judge tells the jury what the case is about, and how the trial will proceed)
    3.    Opening statements
    4.    Your case-in-chief (your witnesses — including you — and your exhibits)
    5.    Motion for judgment as a matter of law, or for directed verdict
    6.    Defense case-in-chief
    7.    Final instructions conference
    8.    Final arguments
    9.    Final instructions from judge to jury

10. Jury deliberations
11. Verdict.

### *Role of the Judge*

The judge cannot act as your attorney. The judge will do his best to assure that the trial proceeds in an orderly manner, and that you (as well as the defense) have as full an opportunity to be heard as the rules of procedure and evidence allow. But the judge will not advise you as to how to proceed, or what topics to cover while testifying, or what questions to ask witnesses.

The judge will conduct the trial under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No one can predict in advance exactly which rules will come into play, but some of the rules that most frequently come into play in cases such as this one are attached to this order. The judge is required to follow these rules, and so are the trial participants, including you.

There will be no conferences with the judge at the bench. If some argument has to be raised out of the jury's hearing, the judge will either send the jury to another room, or invite you and the lawyer for the defense to write down what they want to say to the judge. Before those writings are shown to the judge, the lawyer for the defense will be allowed to look at whatever you wrote, and you will be allowed to look at whatever the lawyer for the defense wrote. If you have trouble reading or writing, be sure to tell the judge.

### *Behavior in Court*

You have the right to your day in court on this case, but that right can be lost by bad behavior. The judge will treat you politely and with courtesy in court,

and expects you to treat others in court the same way. The judge and the people who work in the court will do all they can to be sure the case goes smoothly and that you are able to have your day in court, but their main job is to be sure that the jury can do its job. In most cases, there is no problem, but once in a long while a plaintiff's behavior is such that the jury can't do its job. When that happens, the judge dismisses the case.

### *Arranging for Witnesses*

Do not wait until the trial to arrange your witnesses. The judge will not delay the trial to let you arrange for witnesses that you could have arranged for earlier. You should start arranging your witnesses right after the final pretrial conference.

*Subpoenas*. To subpoena a witness, you must pay the witness a witness fee of $40.00 plus mileage to and from the courthouse. The fee for mileage is set by federal law and changes from time to time; it is more than 50 cents per mile. You have to pay witness fees even if you filed your case *in forma pauperis*. The court does not have the power to order a witness to give up the statutory witness fee. To have a subpoena issued if you are a prisoner, you must provide the clerk's office with the name and address of the witness along with the witness fee, and the United States Marshal will try to serve the subpoena. If you are not a prisoner, you must serve the subpoena (together with the witness fee) yourself. You should remember that the people you sued are not required by law to attend the trial just because they were sued. They might attend, but unless you serve a legal subpoena (which includes the witness fee), they don't have to.

*Inmate Witnesses*. You don't have to serve a subpoena, or pay a witness fee, for a witness who is in custody. If you want the testimony of a prisoner, you must ask the judge to issue an order to have the prisoner produced. You must make this request several weeks before trial, so the necessary arrangements can be made. You must tell the judge the prisoner's name, the prisoner's DOC number if you have it (the wrong person might be produced if you don't have the DOC number, and the judge will not stop the trial for you if that happens), the institution where the prisoner may be found, and why you want that person. Don't expect the judge to order several prisoners produced to testify to the same thing. The judge can't order the production of a prisoner held in a state other than Indiana. If possible, the judge will arrange for the prisoner to testify by videoconferencing — that reduces cost, preserves security, and might let you call more prisoner-witnesses than if they all had to be brought to court.

### *Jury Selection*

Anywhere from 15 to 22 prospective jurors will be called to the trial. The group of prospective jurors is called the *venire*. You and the lawyer for the defense will be given a random list of the prospective jurors' names. The prospective jurors will be offered as jurors in sequence in which their names appear on that list. You will also be given copies of two-page questionnaires the prospective jurors fill out when they arrive in court. The clerk will collect the copies of the questionnaire back from you after the jury is selected.

The judge will ask all the questions of the venire. You will receive a list of the judge's questions on the morning of trial. If it appears to the judge that some person on the venire can't be a fair juror in this case, the judge will propose to excuse that person. You will be given a chance to write down any objection (or question you would like the person to be asked) before the person is excused, as will the lawyer for the defense.

After the judge finishes his questions, he will offer you and the lawyer for the defense a chance to propose follow-up questions. Write down any questions you want asked (the lawyer for the defense will have the same chance). The judge will only ask questions that follow from his earlier questions or things the prospective jurors said; he will not ask new questions.

After all the questions have been asked, the judge will send the venire out of the courtroom, and will talk with you and the lawyer for the defense about *challenges*. A *challenge* is the method by which people are removed from the venire. There are two types of challenges.

>A *cause challenge* is based on the belief that a particular person simply cannot be fair to both sides in that particular case. A person making a cause challenge generally must be able to point to something the prospective juror said or wrote as demonstrating that he or she can't be fair. You will have the chance to object to any cause challenge the defense makes, and the defense will have the chance to object to any cause challenge you make. The judge decides whether the person should be removed (meaning that the judge

5

decides whether he is persuaded that the challenged person can't be fair). There is no limit on the number of cause challenges to be made.

A *peremptory challenge* is one that a party can make without stating a reason. You may excuse 0, 1, 2, or 3 people with peremptory challenges, but you can't excuse more than 3. The lawyer for the defense may excuse as many as 3 under this procedure, too. Reasons generally don't have to be stated for a peremptory challenge. *A peremptory challenge may not be based on the prospective juror's race, sex, sexual orientation, or national origin.* If the lawyer for the defense says you have based a peremptory challenge on race, sex, or national origin, the judge may require you to state your reason for challenging that person. If you think the lawyer for the defense based a peremptory challenge on race, sex, sexual orientation, or national origin, tell the judge.

This is how challenges will be exercised: After the venire has been excused from the courtroom, the judge will first ask you if you have any *cause challenges* to make as to any prospective juror. If you do, tell the judge which jurors you challenge, and why you think they can't be fair. The lawyer for the defense will have a chance to respond to your challenges, and also to make any cause challenges for the defense. You will have the chance to object to any cause challenges made by the lawyer for the defense, and the judge will rule.

The judge will then offer the first 7 names remaining on the random list to you and ask if you wish to use a *peremptory challenge.* If you want to use a peremptory challenge, tell the judge. The judge will go back and forth between you

and the lawyer for the defense until either both sides have used all 3 of their peremptory challenges or there are 7 people neither side challenged.

### *Opening Statement*

After the jury is selected, the opening statements take place. In opening statements, you and the lawyer for the defendant(s) have the chance to tell the jury what you expect the evidence to be. You can't argue what the jury should do. The time to do that is in final argument.

What you tell the jury in opening statement is not evidence. The evidence consists of witness testimony, exhibits received in evidence at trial, and any facts you and the lawyer for the defense formally agree to. The opening statement is not your testimony.

### *Your Case-in-Chief*

After the opening statements, you may present your evidence. This is called the plaintiff's *case-in-chief*. Your case-in-chief may consist only of your testimony, or it may include testimony of other witnesses. If you have other witnesses, tell the judge the order in which you want to present your evidence: who will testify first, second, third, and so on. This will help keep the trial moving and keep the jury from getting bored while waiting in the jury room for everyone in the courtroom to be ready.

The jury will be excused as needed to keep the jury from seeing you or any witness go to or from the witness stand in cuffs, leg irons, or trip gear.

If you call a witness to testify, you must ask questions for the witness to answer. You can't tell the witness (or the jury) facts while the witness is testifying; the witness is to testify to facts in response to your questions. This is called *direct examination.* When you are done with your questioning of the witness, tell the judge. The judge then will let the lawyer for the defense ask questions of the witness. This is called *cross-examination.* After the cross-examination is done, the judge may allow you to ask more questions in what is called *redirect examination,* but those questions must be related to something discussed on cross-examination. If you ask questions on redirect examination, the lawyer for the defense will be offered a chance to ask more questions on *recross examination.* No more questioning of that witness will be allowed after recross examination.

If you testify as a witness in this case, you won't have to ask questions of yourself. Some judges do require that, so that the lawyer for the defense will have an opportunity to make an objection. The judge will let you just tell the facts of the case, but you must tell the court when you are changing topics — for example, "Now I'm going to talk about when I saw the doctor" — so the lawyer for the defense will have an opportunity to object to a topic. Other than not having to ask questions of yourself, your testimony will have to comply with all the other rules of evidence and procedure, which means there may be objections raised during your testimony. If the judge sustains an objection, he is ruling that you can't talk about whatever was objected to. If you don't understand what it is you're not allowed to talk about, ask the judge.

Let the judge know when you are done with your testimony. He will then ask the lawyer for the defense if there is any cross-examination, and you might be cross-examined by the other side. If so, you will be given a chance to give more testimony on redirect examination.

The judge *will not* remind you of topics to testify about. If he did that, he would be acting as your advocate. So if your case is about things that happened on a Monday and a Tuesday, and you only testify about Monday, the judge will not remind you to talk about Tuesday.

You should also remember that papers you may have filed with the court before trial are not evidence. If you want the jury to consider some paper, you have to list it as an exhibit in the pretrial order, and offer it into evidence at trial. To offer an exhibit into evidence, you might need a witness who can tell the jury what the exhibit is.

### *Motion for Judgment as a Matter of Law, or Directed Verdict*

When you have finished presenting your evidence, the lawyer for the defense might make a motion for judgment as a matter of law, or move for a directed verdict. These are two names for the same motion. The motion asks the judge to decide whether the law would let you win your case if the jury believes all your evidence. The judge will grant the motion if you did not present evidence on some fact you have to prove. The judge will grant the motion if your case doesn't amount to a constitutional violation. Many prisoner civil rights cases come to an end at this stage, so don't be surprised if the judge grants the motion. The judge will give you

a chance to respond to the motion by explaining why you think your evidence is sufficient to allow a jury to decide for you.

### *Defense Case-in-Chief and Rebuttal*

If the judge does not grant judgment as a matter of law to the defense, the lawyer for the defense will have a chance to call witnesses and present evidence. This is called the *defense's case-in-chief*. You will have the chance to cross-examine any witnesses called by the lawyer for the defense.

If something new is raised in the defense's case-in-chief, the judge may let you present more evidence on that new topic. This is called the *rebuttal* stage of the trial. If you want to present rebuttal evidence after the defense case-in-chief, ask the judge. You should know, though, that the judge probably will not allow the trial to be delayed to let you get rebuttal witnesses to court.

### *Final Instructions Conference*

The final instructions conference is done with the jury out of the room, after or near the end of all the evidence. The judge will tell you and the lawyer for the defense, in writing, what instructions on the law he plans to give to the jury. If you filed proposed jury instructions, he will tell you how he proposes to rule on your requested instructions. The judge will give you a chance to object to what the judge plans to tell the jury about the law. The lawyer for the defense will have the chance to object, too. At the end of the final instructions conference, you will know what the judge will be telling the jury about the law after the final arguments.

### *Final Argument*

After all the evidence is complete, you and the lawyer for the defense will be allowed to make final arguments. In final argument, you can comment on any evidence that was presented at trial, and can tell the jury what you think that evidence means. You are not allowed to tell the jury any new facts about the case during final argument — the evidence is over by this point. You can also tell the jury what you are asking them to do: if you are asking them for money damages, you should tell them that.

By the time of the final argument, you will have a copy of the final instructions on the law that the judge will read to the jury after the final arguments. You are free to tell the jury what the judge will be saying in those instructions, and how that law supports your case. If you get the law wrong, the lawyer for the defense probably will object, and the judge may sustain the objection.

Since you have the job of convincing the jury, you will have the right to open the final arguments and to close them. This means that you will speak first, then the lawyer for the defense will speak, and then you may speak again to respond to what the lawyer for the defense said. The judge will put a time limit on the final arguments.

SO ORDERED on June 13, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT

**Rule 50 ("Judgment as a Matter of Law in a Jury Trial")**
    (a) Judgment as a Matter of Law.
        (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
            (A) resolve the issue against the party; and
            (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
        (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

**Federal Rule of Evidence 401 ("Test for Relevant Evidence")**
Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

**Federal Rule of Evidence 402 ("Generally Admissibility of Relevant Evidence")**
Relevant evidence is admissible unless any of the following provides otherwise:
- the United States Constitution;
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

**Federal Rule of Evidence 403 ("Excluding Relevant Evidence on Grounds of Prejudice, Confusion, Waste of Time, or Other Reasons")**
The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**Federal Rule of Evidence 602 ("Need for Personal Knowledge")**
A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

**Federal Rule of Evidence 609 ("Impeachment by Evidence of Criminal Conviction")**

    (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
        (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
            (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
            (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
        (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.
    (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
        (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
        (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.
    (c) Effect of a Pardon, Annulment, or Certificate of Rehabilitation. Evidence of a conviction is not admissible if:
        (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year; or
        (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.
    (d) Juvenile Adjudications. Evidence of a juvenile adjudication is admissible under this rule only if:
        (1) it is offered in a criminal case;
        (2) the adjudication was of a witness other than the defendant;
        (3) an adult's conviction for that offense would be admissible to attack the adult's credibility; and
        (4) admitting the evidence is necessary to fairly determine guilt or innocence.
    (e) Pendency of an Appeal. A conviction that satisfies this rule is admissible even if an appeal is pending. Evidence of the pendency is also admissible.

**Federal Rule of Evidence 611 ("Mode and Order of Examining Witnesses and Presenting Evidence")**
    (a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
        (1) make those procedures effective for determining the truth;
        (2) avoid wasting time; and
        (3) protect witnesses from harassment or undue embarrassment.
    (b) Scope of Cross-Examination. Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination.
    (c) Leading Questions. Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
        (1) on cross-examination; and
        (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.

**Federal Rule of Evidence 701 ("Opinion Testimony by Lay Witnesses")**
If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
    (a) rationally based on the witness's perception;
    (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and
    (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**Federal Rule of Evidence 801 ("Definitions That Apply to This Article; Exclusions from Hearsay")**
    (a) Statement. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.
    (b) Declarant. "Declarant" means the person who made the statement.
    (c) Hearsay. "Hearsay" means a statement that:
        (1) the declarant does not make while testifying at the current trial or hearing; and
        (2) a party offers in evidence to prove the truth of the matter asserted in the statement.
    (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
        (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
            (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;

    (B) is consistent with the declarant's testimony and is offered:
      (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
      (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or
    (C) identifies a person as someone the declarant perceived earlier.
   (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
    (A) was made by the party in an individual or representative capacity;
    (B) is one the party manifested that it adopted or believed to be true;
    (C) was made by a person whom the party authorized to make a statement on the subject;
    (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
    (E) was made by the party's coconspirator during and in furtherance of the conspiracy.
 The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

**Federal Rule of Evidence 802 ("Hearsay Rule")**
 Hearsay is not admissible unless any of the following provides otherwise:
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.