UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER L. SCRUGGS, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:16-CV-33-RLM-MGG |
| NURSE WEST, et al., | |
| Defendants. | |

OPINION AND ORDER

This matter is before the court on the several pending motions of Christopher L. Scruggs. Mr. Scruggs proceeds in this case on Eighth Amendment claims against Nurse West for using excessive force against him by closing a cuff port on his hand in October 24, 2015, and against Officer Miller for failing to intervene. ECF 177. Since the summary judgment stage, Mr. Scruggs filed numerous motions that largely pertained to his assertion that the surveillance video recording of the incident has been altered. The court recruited an attorney to represent Mr. Scruggs at trial and denied these pending motions with leave to refile after Mr. Scruggs had the chance to consult with the attorney. ECF 219. After the court set this case for trial, Mr. Scruggs terminated this attorney and filed several motions, including a motion to renew the earlier motions.

Mr. Scruggs seeks various forms of relief in the motions he seeks to renew, including discovery sanctions, reopening discovery, and the appointment of an expert, but the overarching theme is his assertion that the surveillance video recording of the incident had been altered. In discovery, Mr. Scruggs asked for

the recording of the incident, and the litigation liaison at the Wabash Valley Correctional Facility received a copy of a recording and Mr. Scruggs watched it. ECF 49, ECF 102, ECF 103. Mr. Scruggs then filed several motions alleging that defense counsel gave him an altered or fake recording. He explained that, while the recording depicted Nurse West at his cell, it was entirely inconsistent with the narrative portion of his complaint as well as Officer Miller's incident report. Nurse West filed a motion for summary judgment and submitted a recording of the incident as an exhibit.[1] ECF 110. At that time, Mr. Scruggs alleged that the recording he received during discovery and the recording submitted by the Nurse West were not the same recording. ECF 167-1 at 15, ECF 167-2 at 16. He accused the defendants of creating a new recording after he had complained to the court about the recording's authenticity. He further accused the defendants of editing the recording filed as a summary judgment exhibit, noting that the recording skips at two places and asserting that the recording falsely indicates that the incident took place within ninety seconds instead of over the course of five to ten minutes.

Mr. Scruggs seeks default judgment, jury instructions, and monetary fines as sanctions against the defendants, arguing that the defendants initially produced an altered recording and then filed a different recording with the court that was also altered. The defendants respond that there is only one recording

---

[1] Officer Miller also filed a copy of the recording in response to an order that he file the recording produced in discovery in accordance with the local rules. ECF 129, ECF 130. The court has reviewed the copies filed by Nurse West and Officer Miller, and they are identical.

and that they produced and filed this recording as they received it. The Federal Rules of Civil Procedure authorize the court to sanction parties if they do not comply with discovery obligations. Fed. R. Civ. P. 37. For the harsh sanction of default judgment, the plaintiff must show that the defendants "acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake." Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016); Barnhill v. United States, 11 F.3d 1360, 1368 (7th Cir. 1993). The plaintiff must prove the factual basis for sanctions by a preponderance of the evidence. Ramirez, 845 F.3d at 781.

The parties dispute whether there are one or two versions of the recording. The defendants represent that the recording produced in discovery and the recording on file are the same recording. Though Mr. Scruggs maintains that he viewed a different recording before the summary judgment motion was filed, but he hasn't filed that recording or any other evidence to corroborate its existence. Even if there were two recordings, Mr. Scruggs hasn't shown that the defendants produced the first recording with knowledge that it was erroneous or otherwise acted in bad faith. Instead, Mr. Scruggs alleges that this recording that was entirely inconsistent with Officer Miller's incident report. A discrepancy of this magnitude would be immediately apparent, and it seems unlikely that the defendants would try to mislead the court in so clumsy a manner. Nor has Mr. Scruggs demonstrated that this first recording prejudiced him as he concedes that this recording was replaced with a more accurate recording at the summary judgment stage. In sum, Mr. Scruggs hasn't demonstrated that it is more likely

3

than not that the defendants intentionally produced a fake recording during the discovery stage.

The parties also dispute whether the recording on file has been edited. After reviewing the recording, it appears that Mr. Scruggs is referring to one or both of the following. First, the recording occasionally jumps forward during periods of inactivity and the timestamps indicate that these jumps are at intervals ranging from minutes to hours. The recording also occasionally freezes for one or two seconds before resuming, and the timestamps indicate that only one or two seconds have elapsed. These occurrences aren't limited to the portions depicting the excessive force incident, but also occur in parts of the recording that are immaterial to this case, including those from the day after the incident. These occurrences are obvious and apparent, not subtle or in any way concealed. The defendants offer no explanation other than to state that they produced the recording as it was produced to them, but it seems more likely than not that these occurrences are the result of the intricacies of the surveillance recording system, including as motion sensors and technical glitches, rather than a targeted effort to alter the recording.

Mr. Scruggs also maintains that this recording must have been altered because it is inconsistent with his recollection of the incident. Witnesses often remember things differently, and this recording is consistent with Officer Miller's incident report, Sergeant Penning's incident report, and Nurse West's affidavit. ECF 88-1, ECF 108-1. The jury will have to decide whose memory is correct. Mr.

4

Scruggs hasn't shown that it is more likely than not that the recording on file is edited.

Mr. Scruggs asserts that the defendants should be sanctioned for several instances of alleged misconduct, including Officer Miller's responses to requests for admissions, Nurse West's declaration, and missing medical requests. These assertions suffer from similar evidentiary deficiencies about whether the defendants' representations contradicting Mr. Scruggs's version of the events are false and whether the inaccuracies are the result of intentional misconduct by the defendants. Consequently, sanctions are unwarranted, and the motion for sanctions is denied.

Mr. Scruggs further seeks to reopen discovery and an appointed expert to locate the recording produced during discovery and to investigate the authenticity of the recording on file. Whether the recording on file accurately depicts the cuff port incident is a material issue apart from any allegation of intentional misconduct, and Mr. Scruggs hasn't presented evidence of alteration apart from his own opinions. Mr. Scruggs hasn't shown sufficient cause for an expert to be appointed, but less good cause to re-open discovery. Mr. Scruggs hasn't explained how he intends to seek discovery on this issue without appointment of an expert.

Nor does the court believe that additional discovery is necessary to resolve the authenticity issue. As it stands, the only evidence on record as to the

accuracy of the recording on file is the statements of the parties.[2] At trial, neither party will be able to credibly deny the existence of the time jumps and skipped frames identified by Mr. Scruggs, and no expert is needed for the proposition that surveillance recording systems are fallible and imperfect. At that time, the defendants may testify that the recording is generally consistent with their recollections, and Mr. Scruggs may highlight the time jumps and skipped frames and testify about the events omitted by the recording. The jury will decide the credibility of the parties as well as the recording, and the court declines to reopen discovery or to appoint an expert.

For these reasons, the court GRANTS the motion for ruling (ECF 242) and the motion to refile (ECF 233) as it pertains to the motion for sanctions (ECF 197); and DENIES the motions for an expert (ECF 186, ECF 241), the motion for sanctions (ECF 197), and the motion to amend the scheduling order (ECF 231).

SO ORDERED on June 26, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

---

[2] The affidavit of Troy Cambe authenticates the recording on file as a true and correct copy of the recording from the surveillance recording system but does not speak to the separate issue of whether the recording accurately depicts the cuff port incident. ECF 108-3.